## United States District Court
### Northern District of Georgia
2211 United States Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303-3361

Luther D. Thomas (404) 215-1361
Clerk of Court

November 14, 2000

Mr. Clarence Maddow
Clerk/Court Administrator
United States District Court
Federal Courthouse Square
301 North Miami, FL 33128-7788

Clerk's Office:

Rule 40 proceedings were held in this district on NOVEMBER 14, 2000 regarding DOUGLAS COLWELL, N.D.Ga. Case No. 1:00-M-1391, your Case No. 00-6248. $(\text{cr-WPD})$ Enclosed are our documents of said proceedings.

If you have any questions, please call the Magistrate Courtroom Deputies' Office at (404) 215-1361.

Sincerely,

*Pam Shirley*
PAM SHIRLEY
Deputy Clerk

Enclosure



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

NOV 1 4 2000

UNITED STATES OF AMERICA,  **COMMITMENT TO ANOTHER DISTRICT**

vs.

DOUGLAS A. COLWELL,  CASE NO. 1:00-M-1391

Charges against the defendant are filed based upon a(n):

X indictment  ☐ information  ☐ complaint  ☐ other (specify)

charging a violation of **Title 18, United States Code, Section(s) 228.**

| | |
|---|---|
| **DISTRICT OF OFFENSE:** | SOUTHERN DISTRICT OF FLORIDA- 00-6248 |
| **DATE OF OFFENSE:** | |
| **DESCRIPTION OF CHARGES:** | FAILURE TO PAY CHILD SUPPORT |
| **BOND IS FIXED AT:** | $ NONE |

## TO:  THE UNITED STATES MARSHAL

*You are hereby commanded to take custody of the above-named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.*

Dated at Atlanta, Georgia this 14th day of November, 2000.

*Linda J. Walker*
UNITED STATES MAGISTRATE JUDGE

## RETURN

This commitment was received and executed as follows:

| | |
|---|---|
| **Date Commitment Order Received:** | |
| **Place of Commitment:** | |
| **Date Defendant Committed:** | |
| **Date:** | |
| **United States Marshal:** | |
| **(By) Deputy Marshal:** | |

MAGISTRATE'S CRIMINAL MINUTES  
REMOVALS (RULE 40)

FILED IN OPEN COURT  
DATE: 11/14/00 @ 11:25  
TAPE: 00-43 @ #186

MAGISTRATE _Lurana Walker_  PRESIDING _P. White_ DEPUTY CLERK  
CASE NUMBER _1:00 M 1391_  DEFENDANT'S NAME _Douglas Colwell_  
USA _Sandra Strippoli_  DEFENDANT'S ATTY _Stephanie Pearns for Willie Dunn_  
PTR _Chris Busby_  
Type Counsel (circle): Retained    CJA    (FDP)

___ Initial appearance hearing held.  
___ Defendant informed of rights.  
___ ORDER appointing Federal Defender Program attorney for defendant.  
___ ORDER appointing _____ attorney for defendant.  
___ ORDER defendant shall pay attorney's fees as follows: _____

___ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.  
___ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.  
___ Removal hearing set/reset/cont to _____ @ _____.  
___ Removal hearing HELD.  
___ Order finding probable cause. Defendant held to District Court for removal to other district.  
___ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.  
_✓_ Order defendant removed to other district. Commitment issued _11/14/00_.  
___ Miscellaneous: _____

### BOND/PRETRIAL DETENTION HEARING

___ Government Motion for detention filed.  
_✓_ Bond/Pretrial detention hearing held.  
___ Pretrial detention hearing set for _____. (___ in charging district)  
_✓_ Verbal) Motion to reduce bond ___ GRANTED ___ DENIED  
_✓_ Pretrial detention ordered. (Written order to follow _✓_ ).  
___ BOND set at $_____  
   ___ NON-SURETY  
   ___ SURETY/CASH: _____ Property Acceptable: _____ Corporate surety ONLY  
   ___ COMBINATION: _____

___ SPECIAL CONDITIONS: _____

___ defendant released

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| UNITED STATES OF AMERICA, | ORDER OF DETENTION PENDING TRIAL |
|---|---|
| vs. | **FILED IN OPEN COURT** U.S.D.C. - Atlanta |
| DOUGLAS A. COLWELL | CASE NO. 1:00-M-1391 |

NOV 1 4 2000

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

Defendant does not have any ties to the Northern District of Georgia. Defendant does not have a steady residence and no verifiable income. Defendant's girlfriend indicates that he has a substance abuse (cocaine) problem that is severe. The court finds that there are no set of conditions that will ensure the Defendant's appearance in court in Florida.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative of confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 11-14-00

[signature]
Signature of Judicial Officer

LINDA T. WALKER, U.S. MAGISTRATE JUDGE

---

* Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

MAGISTRATE'S CRIMINAL MINUTES
REMOVALS (RULE 40)

FILED IN OPEN COURT
DATE: 11/13/00 @ 6:45
TAPE: 00-42 @ 6153

MAGISTRATE _Linda Walker_ PRESIDING _O. Ausley_ DEPUTY CLERK
CASE NUMBER _1-00 M 1391_ DEFENDANT'S NAME _Decater A Colwell_
AUSA _Sandra Strippoli_ DEFENDANT'S ATTY _Mildred Dunn_
Type Counsel (circle): Retained  CJA  (FDP)
USPO _Chris Busby_

__✓__ Initial appearance hearing held.
_____ Defendant informed of rights.
__✓__ ORDER appointing Federal Defender Program attorney for defendant.
_____ ORDER appointing _____ attorney for defendant.
_____ ORDER defendant shall pay attorney's fees as follows:_____
__✓__ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.
_____ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.
_____ Removal hearing set/reset/cont to _____ @ _____.
_____ Removal hearing HELD.
_____ Order finding probable cause. Defendant held to District Court for removal to other district.
_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
_____ Order defendant removed to other district. Commitment issued _____.
_____ Miscellaneous: _____

### BOND/PRETRIAL DETENTION HEARING

_____ Government Motion for detention filed.
_____ Bond/Pretrial detention hearing held.
__✓__ Pretrial detention hearing set for _11/14/00 @ 11:00_. (___ in charging district)
_____ (___ Verbal) Motion to reduce bond ___ GRANTED ___ DENIED
_____ Pretrial detention ordered. (Written order to follow _____).
_____ BOND set at $_____
         _____ NON-SURETY
         _____ SURETY/CASH: _____ Property Acceptable: _____ Corporate surety ONLY
         _____ COMBINATION: _____

_____ SPECIAL CONDITIONS: _____

Bond filed, defendant released

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 1 3 2000

LUTHER ~~~~ THOMAS, CLERK
~~~~ Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CASE NO. 1:00-M-1391

DOUGLAS A. COLWELL,

Defendant.

## ORDER APPOINTING COUNSEL

MILDRED DUNN

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 13TH day of November, 2000.

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

NOV 13 2000

UNITED STATES OF AMERICA,

**WAIVER OF RULE 40 HEARINGS**

vs.

**(EXCLUDING PROBATION CASES)**

DOUGLAS A. COLWELL

CASE NO.: 1:00-M-1391

I, DOUGLAS A. COLWELL, understand that in the SOUTHERN DISTRICT OF FLORIDA

(00-6248), charges are pending alleging violation of 18:228, and that I have been arrested in this

District and taken before a United States Magistrate Judge, who informed me of the charge(s)

and of my right to:

(1) retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2) request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3) an identity hearing to determine if I am the person named in the charge, and
(4) a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐ identity hearing
☐ preliminary examination
☒ identity hearing and have been informed I have no right to a preliminary examination
☐ identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 13Th day of NOVEMBER, 2000.

_____
DEFENDANT

_____
DEFENSE COUNSEL

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA Sandra Streppily: 00 M 1391
v. Stephaniy Kearn for **WARRANT FOR ARREST**
DOUGLAS A. COLWELL Mellie Dunn CASE NUMBER **00-6248**

TO: The United States Marshal
and any Authorized United States Officer

CR-DIMITROULEAS
MAGISTRATE JUDGE
SNOW

YOU ARE HEREBY COMMANDED to arrest **DOUGLAS A. COLWELL**
Name

FILED by _____ D.C.
AUG 3 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

and bring him or her forthwith to the nearest magistrate to answer a(n)

|X| Indictment | | Information | | Complaint | | Order of court | | Violation Notice | | Probation Violation Petition

charging him or her with (brief description of offense)

**FAILURE TO PAY COURT ORDERED CHILD SUPPORT**

in violation of Title **18** United States Code, Section(s) **228(a)(1) and (a)(3)**

Clarence Maddox | Court Administrator/Clerk of the Court
Name of Issuing Officer | Title of Issuing Officer

Signature of Issuing Officer | 08/31/00 at Fort Lauderdale, Florida
Date and Location

PSS
Bail fixed at $ 25,000 PSB — DO NOT LODGE OVERNIGHT! | by BARRY S. SELTZER, MAGISTRATE JUDGE
Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above named defendant at

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk
U.S. District Court
Southern District of Florida
By [signature]
Deputy Clerk
Date 8/31/00

**INFORMATION COPY ONLY**
DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER
**MAKE RETURN ON ORIGINAL WARRANT WITH UNITED STATES MARSHAL**
DATE OF ARREST

INFORMATION COPY ONLY
MAKE RETURN ON ORIGINAL WARRANT WITH UNITED STATES MARSHAL

AO 442 (Rev. 12/85) Warrant for Arrest

BOB:vlf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6248-CR-DIMITROULEAS

18 USC 228(a)(1)
18 USC 228(a)(3)

MAGISTRATE JUDGE
SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| DOUGLAS A. COLWELL | )<br>) |
| Defendant. | )<br>) |

## INDICTMENT

The Grand Jury charges that:

## COUNT I

Beginning in or about May, 1993 and continuing to July, 1998, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

## DOUGLAS A. COLWELL

a resident of Duluth, Georgia, willfully failed to pay a past due support obligation for the support and maintenance of a minor child residing in Broward County, Florida and to the parent with whom the child lived, said obligation having been determined by the Administrative Hearing Officer of Hancock County, Maine, in Case No.33818221P and which remained unpaid for a period longer than one year and was greater than $5,000.

All in violation of Title 18, United States Code, Section 228(a)(1).

BOB:vlf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6248**CR-DIMITROULEAS

18 USC 228(a)(1)
18 USC 228(a)(3)

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA )
          Plaintiff, )
    )
vs. )
    )
DOUGLAS A. COLWELL )
    )
          Defendant. )
_____)

## INDICTMENT

The Grand Jury charges that:

### COUNT I

Beginning in or about May, 1993 and continuing to July, 1998, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### DOUGLAS A. COLWELL

a resident of Duluth, Georgia, willfully failed to pay a past due support obligation for the support and maintenance of a minor child residing in Broward County, Florida and to the parent with whom the child lived, said obligation having been determined by the Administrative Hearing Officer of Hancock County, Maine, in Case No.33818221P and which remained unpaid for a period longer than one year and was greater than $5,000.

All in violation of Title 18, United States Code, Section 228(a)(1).

## COUNT II

Beginning in or about July 1998 and continuing to present, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### DOUGLAS A. COLWELL,

a resident of Duluth, Georgia, willfully failed to pay a past due support obligation for the support and maintenance of a minor child residing in Broward County, Florida and to the parent with whom the child lived, said obligation having been determined by the Administrative Hearing Officer of Hancock County, Maine, in Case No.33818221P and which had remained unpaid for a period longer than two years and was greater than $10,000.

All in violation of Title 18, United States Code, Section 228(a)(3).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
BRUCE T. BROWN
ASSISTANT UNITED STATES ATTORNEY