# United States District Court

## Southern District of Florida
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>DOUGLAS A. COLWELL | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number:  00-6248-CR-WPD**<br>Counsel For Defendant: **Samuel Smargon, AFPD**<br>Counsel For The United States: **Bruce Brown, AUSA**<br>Court Reporter: **Robert Ryckoff** |

### THE DEFENDANT:

[X] **pleaded guilty to count(s)**  ONE

[ ] pleaded nolo contendere to count(s)
which was accepted by the court.

[ ] Was found guilty on count(s)
after a plea of not guilty

FILED _____ D.C.

JUL 2 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC § 228(a)(1) | **Failure to Pay Child Support** | 7/31/1998 | ONE |

The defendant is sentenced as provided in pages 2 through __5__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s)

X   **Count(s)**   **TWO**   **(Is) (are) dismissed on the motion of the United States.**

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **8/14/1959**
Defendant's USM Number: **51947-019**

Defendant's Residence Address:
Federal Detention Center
33 NE 4th Street
Miami, FL 33132

Defendant's Mailing Address:
Federal Detention Center
33 NE 4th Street
Miami, FL 33132

**July 20, 2001**
Date of Imposition of Judgment

_/s/ Signature of Judicial Officer_

**William P. Dimitrouleas**
United States District Judge

Date: July 20, 2001

DEFENDANT: **COLWELL, DOUGLAS A.**
CASE NUMBER: **00-6248-CR-WPD**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Six (6) Months.

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ At        A.m. / p.m. on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ As notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____, with a certified copy of this judgment.

                                      UNITED STATES MARSHAL

                                  By_____
                                        Deputy U.S. Marshal

DEFENDANT: **COLWELL, DOUGLAS A.**
CASE NUMBER: **00-6248-CR-WPD**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | **$10.00** | **$0.** | **$33,541.70** |

☐ The determination of restitution is deferred until will be entered after such determination.   . An Amended Judgment in a Criminal Case (AO 245C)

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Florida Disbursement Unit State of florida Disbursement PO Box 8500 Tallahassee, Florida 32314-8500 Case No. 95-13447-8-DeKalb County, Georgia | $33,541.70 | $33,541.70 | |
| **Totals:** | **$33,541.70** | **$33,541.70** | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . . . $

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part 8 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the fine and/or restitution.

☐ The interest requirement for the fine and/or restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **COLWELL, DOUGLAS A.**
CASE NUMBER: **00-6248-CR-WPD**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X]  **Lump sum payment of $ 33,551.70  Due immediately.**

   Not later than       , or
   In accordance with C, D, or E below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or E); or

C  ☐  Payment in        (E.g., equal, weekly, monthly, quarterly) installments of $      Over a period of
        (E.g., months or years), to commence        (E.g., 30 to 60 days) after the date of this judgment; or

D  ☐  Payment in        (E.g., equal, weekly, monthly, quarterly) installments of $      Over a period of
        (E.g., months or years), to commence        (E.g., 30 to 60 days) after release from imprisonment to a term
        Of supervision; or

E  [X]  Special instructions regarding the payment of criminal monetary penalties:

   $33,541.70 Restitution minus credit for any payments the defendant has made.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

   **U.S. CLERK'S OFFICE**
   **ATTN: FINANCIAL SECTION**
   **301 N. MIAMI AVENUE, ROOM 150**
   **MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

☐  Joint and Several
   Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **COLWELL, DOUGLAS A.**
CASE NUMBER: **00-6248-CR-WPD**

# STATEMENT OF REASONS

☐ The Court adopts the factual findings and guideline application in the presentence report.

## OR

X **The Court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):**

N/A as this is a Class B Misdemeanor

**Guideline Range Determined by the Court:**

Total Offense Level:

Criminal History Category:

Imprisonment Range:

Supervised Release Range:

Fine Range: to $5,000.00

☐ Fine waived or below the guideline range because of inability to pay.

Total amount of Restitution: $33,541.70 minus any pending credits.

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong The sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the Sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic Circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the Payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):